### JOHN HAYLEY v. JOHN KIERNAN, ASSIGNEE.

**Pleading—Evasive Answer—Work Done and Materials Furnished.**

In an action for work done and material furnished, an answer admitting that work was done, but alleging that defendant is unable to say what work or how much, is evasive, and insufficient.

**Pleading—Second Amended Inconsistent Answer.**

In an action for work done and material furnished, where defendant admits performance of part of the work in his original and amended answer, he will not be permitted to file a second amended answer denying such facts.

**Appeal—Reversal—Inconsistent Pleadings.**

Where the right to sue as assignee is admitted in one answer and denied in an amendment, without assigning some reason for making the admission in the first place, the Court of Appeals will not reverse for this alone where there is no valid defense relied on or pleaded.

13

APPEAL FROM FRANKLIN CIRCUIT COURT.

December 6, 1872.

OPINION BY JUDGE PRYOR:

The appellant must know the character and kind and quantity of labor and material done and performed and furnished by Buckly for him. Each item in the appellee's account is specifically set forth, the work alleged to have been done for the appellant, as well as the articles furnished him. He is not allowed to say that he has no knowledge or information sufficient to form a belief as to whether the work was done or the material furnished. There must be a specific denial. He admits that some work was done but is unable to say what work or how much. This is evasive and bad pleading; and if the allegations of the petition, such as is made in this case, is not specifically denied the plaintiff is entitled to his judgment. He admits the right of the party to sue in the original answer and denies it in the amended answer. He admits the performance of a part of the work in the original answer and amendment, and denies it all, in the last amendment offered; and for this reason the court properly refuses the filing of this amendment.

Paragraphs in an answer may, it is true, be inconsistent, and this is no cause of demurrer, but where the right to sue as assignee is admitted in the one answer and denied in an amendment, without assigning some reason for making the admission in the first place, this court ought and will not reverse for this alone when there is no valid defense relied on or pleaded.

Judgment affirmed.

Craddock, Ford, for appellant.

Rodman, for appellee.